## CONSAUL *v.* CUMMINGS.

---

## CUMMINGS *v.* CONSAUL.

---

EQUITY; PARTNERSHIP; ACCOUNTING; ATTORNEYS; APPEALS.

1. In a partnership accounting between the representatives of the estates
   of deceased attorneys, where the administrators of one of the attorneys
   after his death, through another attorney, procured a power of attorney
   to themselves and him from a former client of the partnership and a
   new contingent fee contract, and prosecuted the case, the partnership
   is entitled to only so much of the fee received as was earned by the
   partnership up to the time of the death of the partner last deceased.

2. Where an attorney prosecuting claims under a partnership agreement
   with another attorney, since deceased, who had the original powers of
   attorney from the claimants, procured new powers of attorney from
   the claimants in the names of his son-in-law and daughter, who were
   assisting him in the cases, and they prosecuted the cases in their

D. C.]                              Syllabus.

names, and after his death collected the fees, the estate of the partner first deceased is entitled to one half of the fees so collected.

3. Ordinarily, it is within the discretion of the lower court to reopen a case and permit additional testimony to be taken; and error cannot be assigned on a refusal so to do, unless the circumstances indicate an abuse of that discretion.

4. Parties prosecuting an appeal to this court are concluded as to matters determined on such appeal; and on the case going back to the lower court that court cannot properly allow such matters to be reheard.

5. In a partnership accounting between the estate of a deceased partner and the surviving partner, involving fees collected in the prosecution of cases in the court of claims, the share of the estate of the deceased partner in a fee in one of the partnership cases cannot properly be reduced by an arrangement made by the surviving partner with a local attorney whereby the local attorney's original share of the fee was increased from 10 to 15 per cent for procuring a new fee agreement, in the name of the surviving partner, with the heirs of the claimant.

6. Where an attorney, having claims for prosecution in the court of claims, turned over the cases to another attorney for prosecution, under an agreement to pay him one half of the fees collected; and the latter, after the death of the former, agreed to pay a local attorney one half of the fee in one of the cases,—the decedent's estate is not bound by such agreement, but can only be charged with one half of the reasonable value of the services performed by the local attorney.

7. An assignment of errors based upon an alleged excessive allowance to receivers will not be considered, where the record shows that the auditor reported on the account of the receivers and made them the allowance complained of, but does not contain the report, or anything by which this court can determine the nature and value of the services.

8. An assignment of error based upon the action of the auditor in allowing interest to one of the parties in a partnership accounting on moneys collected by the other party will not be considered where no exception was reserved to his report on account of the allowance of the interest.

9. A decree in an equity cause involving a partnership accounting, *affirmed* in all respects, except as to certain items, and *reversed* as to those items, and the cause remanded, with direction to restate the account to the date of the decree; one half of the costs of appeal to be paid by each party.

Nos. 1778 and 1779.  Submitted February 5, 1908.  Decided March 10, 1908.

HEARING on separate appeals by the complainant and the defendants from a decree of the Supreme Court of the District of Columbia, in a suit in equity for a partnership accounting.

*Modified and Affirmed.*

The facts are stated in the opinion.

*Mr. R. Golden Donaldson* and *Mr. Victor H. Wallace* for the appellants in No. 1878, and for the appellees in No. 1779.

*Mr. Charles F. Consaul* also appeared in proper person.

*Mr. Charles Cowles Tucker* and *Mr. J. Miller Kenyon* for the appellant in No. 1779, and for appellee in No. 1778.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

On September 16, 1899, Horace S. Cummings, as administrator of the estate of George B. Edmonds, deceased, filed a bill against Gilbert Moyers for an account and settlement of the affairs of a special partnership alleged to have been entered into between said Edmonds and said Moyers for the prosecution of certain claims against the United States. The matter of the account was referred to the auditor, who filed his report August 20, 1902, stating a balance due Edmonds for his share of fees collected on said claims to that time of $10,601.04. Defendant's exceptions to the report, save as to the collection in the case of R. M. Johnson, administrator, were overruled, and decree was entered accordingly. Defendant Moyers having died after the entry of the decree, his administrators made themselves parties, and prosecuted an appeal to this court.

In that appeal it was held that there was a special partnership agreement including the cases in the auditor's report as confirmed; that the same had not been abandoned by Edmonds; that Moyers was not entitled to claim any compensation

for special services. On those points, the exceptions were held to have been properly overruled. But it was held that there was error in refusing credit to Moyers for expenses, under the agreement, in unsuccessful as well as successful cases; and also in refusing interest on the sum of $1,470, shown to have been advanced to Edmonds by Moyers. For these errors the decree was reversed, with direction to refer the account to the auditor to ascertain the said expenses and restate the account, allowing the defendant credit therefor, as well as for the interest aforesaid. *Consaul* v. *Cummings,* 24 App. D. C. 36.  ·

Jurisdiction of the cause having been retained in the court below in order to take a further account in relation to collections made in alleged partnership cases after the first reference, the auditor made a supplemental report on January 5, 1904, relating to some of these additional claims which he found to be embraced in said agreement, to which exceptions were filed by the defendants. On November 7, 1905, reference was again made to the auditor, directing him to take into account the credits for expenses and interest as stated in the former opinion of this court, and also to inquire into and report further as to the claim of Johnson, administrator, being a partnership collection, and also as to credits claimed for fees paid local attorneys in two cases stated in the second report before referred to. The report of the auditor filed May 1, 1906, restated the account, charging Moyers with the amount stated in the first account, and crediting him with the expense and interest aforesaid. He restated also the second account reported January 5, 1904, making allowance of credit for parts of fees paid by Moyers out of collection in case of Thomas Kidd. The complainant and defendant excepted to certain items in this report. Other claims collected after the second reference were also referred to the auditor for inquiry and report. The report on these was filed December 21, 1906, and shows their inclusion in the partnership agreement, and a balance on account of their collection, due the complainant. Another report was made January 4, 1907, relating to a claim of Thomas Kidd, in which one Barber, intervener, claimed a fee. Allowing this fee, the

remainder of the collection was reported as being a partnership account, and one half of the same was allowed the complainant. Exceptions to these reports came on to be heard January 8, 1907, on behalf of both parties. These were each overruled, and a decree entered confirming the several reports. After directing payment by the receivers, who had been appointed to receive certain of the funds contained in the first account, to the complainant of certain amounts under the first reports as stated, the defendants were ordered to pay the complainant the balance of $10,149.63. Both parties have appealed, and the two appeals will be considered together as constituting one case, though separately docketed. That of the defendants will first be considered.

1. The first, second, third, fourth, and fifth assignments of error seek to raise questions that were determined on the first appeal, and must be regarded as settled thereby.

2. The sixth assignment relates to the claim of the estate of Lucy A. Caldwell. It is sufficient to say of this claim that it appears as a partnership claim in the list furnished by defendant Moyers as comprising the Edmonds cases that had been prosecuted by him. It appears from the auditor's report and the evidence referred to therein, that the claim was prosecuted by Moyers until April, 1903. The administrators, Consaul and Ida Moyers, the latter being the daughter of defendant Moyers, were assistants in the latter's office. They were both attorneys admitted to practise in the court of claims at and before that time, and assisted Gilbert Moyers. Mrs. Caldwell died, and in July, 1903, her executrix retained one Ralph W. Haynes in the case, and gave him an order to Moyers to deliver all the papers to Haynes for the further prosecution of the claim. Haynes agreed, however, to join Moyers with him in the prosecution of the claim. Moyers died June 13, 1903, with the case depending. Haynes then procured a power of attorney to himself and Consaul and Ida Moyers, authorizing them to prosecute the case. Haynes had entered an appearance in the case, and secured the substitution of the executrix as party plaintiff, and thereafter Consaul and Ida M. Moyers were en-

tered by him as counsel for claimant. They filed a brief and made an oral argument. When the collection was made, the fee of $1,800 was divided as follows: Haynes received $750 and Consaul and Moyers $1,050.

One half of the last amount was stated in the account as due the plaintiff. It appears from the evidence that the recovery in this case was largely due to the services of Consaul and Moyers after the death of Gilbert Moyers, whose brief in the case was apparently insufficient. The question presented is whether, because they became the administrators of Gilbert Moyers, their services as attorneys were performed on his account.

The original contract was with Edmonds, who associated Gilbert Moyers with him. The client ratified this employment of Moyers on her account by acquiescence. And while, after the death of Edmonds, her executrix might have transferred the prosecution of the claim to another, as she did, Gilbert Moyers would have been entitled to claim compensation for services rendered to that date, one half of which would enure to the benefit of Edmond's estate. Death finally ended Moyers's connection with the case. By consent of the client, his administrators might have been permitted to carry the litigation to a termination. But it does not appear that they did undertake to carry it on as administrators. Being attorneys, they were retained by Haynes to prosecute the case, which they did with success. As such they were entitled to compensation as well as Haynes, whose fee has been recognized as allowable to him. We think that Consaul and Moyers must be regarded as having prosecuted the case to final determination, not as administrators of Gilbert Moyers, but as attorneys for the claimant. We are of the opinion, therefore, that the auditor should have allowed to complainant, not one half of the fee received by Consaul and Moyers, but only so much thereof as had been earned by Gilbert Moyers up to the time of his death. As Consaul and Moyers received more than Haynes, it is probable that this may have been taken into consideration in the division of the fees, in which they received $300 more than Haynes. Moreover, Consaul testified that the services rendered in the case after the

death of Gilbert Moyers amounted to not less than three fourths of the whole.

3. The seventh assignment of error relates to the claims of Jane Edge and Herbert Smith, both of which, also, are contained in Moyers's list of the Edmonds cases. The contention is that these two cases come within the rule that has been applied in the Caldwell case, above considered. The facts of the cases are, however, essentially different. The testimony shows that on November 21, 1901, Gilbert Moyers, Ida M. Moyers, and C. F. Consaul entered into an agreement whereby the two last named agreed to contribute their services to Gilbert Moyers in the prosecution of his business generally, beginning January 1, 1902, who was to defray all the incidental expenses. During the year 1902 Gilbert Moyers was to have one half of all fees, the other half to go to his associates. After 1902 they were to receive two thirds, and Gilbert Moyers one third of all fees, and the expenses were to be paid in the same proportions.

The two claims of Edge and Smith had been prosecuted by Gilbert Moyers alone before this agreement was made. It was attempted to be shown that Gilbert Moyers abandoned the cases in 1902 because of the interest claimed on behalf of Edmonds, and new contracts were secured with the parties by Consaul and Ida M. Moyers,—contract with Edge, August 25, 1902, and with Smith's administratrix May 18, 1903. In the Edge case, it appears that Gilbert Moyers wrote to the administratrix, inclosing the power of attorney and fee agreement with Consaul and Moyers for signature. He did not inform the administratrix that he had abandoned the case. On the contrary, he said: "As I. M. Moyers and C. F. Consaul, who are associated with me, have filed the previous briefs in this case, are familiar with all the details of it, and will have immediate personal charge of the conduct of the case before the court, the inclosed power of attorney to them is all right." Substantially the same course was pursued with the administratrix of Smith's estate, on March 18, 1903. As these cases were pending when the agreement between the attorneys was made, they were governed thereby. Moyers had the right to make an agreement with his associates for a

division of his part of the fees in the case, and in consideration thereof it became the duty of his associates to prosecute the same to the end. And if they rendered material services after the death of Moyers, any claim they would have for additional fees would be against his portion,—a question that is not involved here. But they could not, under such conditions, appropriate Edmonds's portion also. We agree with the auditor that one half of the fees collected in each case belongs to Edmonds; and consequently the court did not err in overruling the exception to their allowance in the account stated.

4. The eighth assignment of error, relating to the claims of Caldwell, Edge, and Smith, need not be considered, as the questions have been determined under the preceding assignment.

5. The ninth assignment of error relates to the refusal of the court to reopen the entire case for the purpose of introducing in evidence a letter alleged to have been written by Edmonds to Moyers December 17, 1889, containing a promise to furnish a list of his (Edmonds's) claims, and of redetermining the question whether the first adjudicated claims in the case were really partnership cases. Ordinarily, it is within the discretion of the court to reopen a case and permit additional testimony to be taken, and error cannot be assigned on his refusal to do so, unless the circumstances indicate an abuse of that discretion. The court was clearly right in not permitting the first report of the auditor to be reheard in respect of matters that had been determined on the first appeal to this court. That appeal was prosecuted by the defendants, and they are now concluded as to matters therein determined.

The letter was admitted in evidence on the hearing of the additional claims. To the argument founded on its weight as regards the Caldwell, Edge and Smith claims, it is a sufficient reply that those claims were admitted by Moyers to have been among those turned over to him by Edmonds under their agreement.

6. The tenth assignment is to the effect that "it was error, assuming the complainant to be entitled to take anything in this suit, to hold that the money paid to W. A. Montgomery for

services as local counsel should not be deducted from the total fee in the claim of the executors of Kidd, before any division of said fee between complainant and the estate of Moyers."

The Kidd claim was one of those prosecuted under the terms of the special partnership, and at that time Montgomery had a contract for 10 per cent of the recovery for his services in taking depositions in support of it. In November, 1900, as shown by the testimony of Miss Ida M. Moyers, who was then in her father's office, she sent a contract to be executed by the heirs of Kidd, giving Gilbert Moyers 50 per cent of the claim as a fee. This was done, as explained by her, because she had found no other fee contract. This contract was executed and returned, but before execution it was interlined so as to give 15 per cent of the recovery to said Montgomery. The entire fee collected in this case was $6,730, of which Montgomery received 30 per cent. The auditor reported that the amount received by Montgomery in excess of the 10 per cent, under his original contract, was chargeable to Moyers. We see no reason to doubt that the court was right in overruling the exception to the report. If Moyers saw proper to make the additional allowance to Montgomery, instead of holding him to his original contract, he had no right to pay any part of it out of the share coming to Edmonds. There was no new employment and contract in this case, as in that of Caldwell, before considered. The claim was prosecuted in the name of the executors of Kidd, and the parties signing the contract, as heirs of Kidd, had no right to control the case. Whatever interest they had as next of kin of the deceased claimant was subordinate to the right of her executors. The executors had acquiesced in the management of the case by Moyers, and their liability was under the original contract with Edmonds, with whom Moyers was associated.

7. The eleventh assignment claims error in the report in not crediting Moyers in the statement of the account with 25 per cent of the collection on the claim of Isaiah Beans. The fee collected in this case was $640, of which Thomas received $320. The auditor charged the whole of this fee to Moyers, giving

no credit for the amount paid Thomas. The court sustained the defendant's exception to this, and it was referred back for ascertainment of the proper amount payable to Thomas out of the fee aforesaid. The auditor reported that $100 was a reasonable compensation to Thomas for the services performed by him, one half of which was chargeable to the account of Edmonds. We are not convinced that there was error in this conclusion.

8. The twelfth assignment relates to three claims of Ernest Neill, administrator of Joseph Egner, of William Goddard, and of Joel C. Johnson, administrator of Richard W. Johnson.

(1) We see no reason to doubt the conclusion of the auditor that the Egner and Goddard claims were among those included in the partnership agreement between Edmonds and Moyers, and hence that the fees were divisible in accordance therewith. As this is the only exception to the report as to their claims, there was no error in overruling the same.

(2) The Johnson claim was one of those reported in the auditor's statement of account herein filed August 22, 1902, but it is there stated as claim of R. M. Johnson, administrator of Samuel Heard. The fee collected was found to be $1052.50, half of which was allowed to complainant in the statement of the account. The court sustained an exception to this item, and the same was referred back to the auditor to report on the claim as that of Joel C. Johnson, administrator of the estate of Richard W. Johnson. In his report filed May 1, 1906, the auditor stated this claim, as above named, to be one of the partnership cases, and found the fee collected was $492, one half of which was allowed to complainant. It appears that in the first report the case of Johnson, administrator of Heard, was confounded with the case of Johnson, administrator of Johnson. There is no such mistake in the later report. This case is contained in the Edmonds list, and it appears that he had a contract for the fee therein, dated March 18, 1886, and authorizing him to prosecute the claim; also that he prepared and presented the petition to Congress for reference. The records show that Gilbert Moyers entered his appearance in the case

in the court of claims June 25, 1890. Moyers, who testified concerning this claim on May 18, 1900, was not certain whether it was one of those received through the Edmonds contract. He said he thought it was not; but he failed to produce any contract of his own with the party, or any documents to show an independent connection with the case. We think the proof was sufficient to support the auditor's finding that it was a partnership case.

9. The thirteenth assignment of error calls attention to an error in the statement of the account in the report of May 1, 1906. While this error was not discovered, and no action in respect thereto was asked of the court on the exceptions to the report, the point has been waived by the appellee, who consents to the correction now. It appears, as before stated, that in the statement of the account in the report of August 20, 1902, the auditor charged the defendant with $526.25, the same being one half of a fee collected by defendant in the case of Johnson, administrator of Heard. To this an exception was sustained. In restating the account in the report of May 1, 1906, the auditor, by mistake, failed to deduct this sum from the balance before reported as due by defendant. The effect of this mistake is that the said sum of $526.25 has been adjudged payable by defendant, in addition to the sum of $246, since charged to him on account of the fee collected in the case of Johnson, administrator of R. W. Johnson. It follows that the decree must be corrected so as to eliminate the said charge of $526.25, and interest thereon.

10. The fourteenth assignment relates to the fees allowed the receivers for their services in the matter of certain collections. The auditor's report on the account of the receivers is not in the record, and there is nothing by which we can determine the nature and value of the services for which the allowance was made. It is unnecesary to consider the statement of appellee that the exception to this item was abandoned in the court below, before the entry of an order on certain exceptions that were then presented and considered.

11. The fifteenth assignment is to the effect that it was error

to allow complainant interest on fees due him until after the entry of a final decree ascertaining the balance due him on settlement of the account. Interest was allowed on the items of the account stated August 20, 1902, and the same has been done in the case of all subsequent items. No exception was taken to the first report on this ground, and the only question raised as to interest was the failure to allow interest to Moyers on advances made by him to Edmonds. When the case was before us on the appeal from the confirmation of that report, it was said in the opinion: "The appellants offer no objection to this award of interest, but complain that a similar award was not made respecting the sum of $1,470, found to have been advanced by Moyers to Edmonds in 1892." *Consaul* v. *Cummings,* 24 App. D. C. p. 49. The decree was then reversed, and the interest claimed on the said advance was ordered to be allowed in the restatement of the account. No exception to the subsequent reports on account of the allowance of interest was made in the court below, and the question cannot now be entertained.

12. An exception was taken to the report of the auditor filed January 4, 1904, to the allowance of a fee of $231 as collected in the claim of John W. Fletcher. This was not embraced in the assignment of errors as presented in the printed argument of appellants, but was incidentally presented in the oral argument. It has been argued in additional briefs presented by both parties. That this was a partnership claim seems settled by its inclusion in the list of such claims filed by Moyers before his death. It is also contended that the entire amount of collection on this claim was $231, the whole of which, instead of the half thereof, $115.50, has been charged to Moyers as having been received as a fee. That this mistake was made is conceded by the appellee. But it is contended by the appellee that this is charged to the receivers in their account, and may be corrected when they file their final report. We are not advised by the record of facts sufficient to enable us to determine this point. It appears, therefore, that the defendants have been charged as collecting a fee of $231 in the Fletcher case, when in fact they collected but $115.50. Their exception to the report to that extent should

have been sustained. This will not prevent the correction of the receivers' account on final settlement, if the facts justify the same for their protection.

13. On the appeal No. 1779, prosecuted by Cummings from the decree overruling certain exception by him to the report of the auditor, several errors have been assigned.

These relate to the allowance of credit to Moyers for expenses in the Edmonds cases, and for fees that have been paid to special counsel in several of said cases.

We think it unnecessary to discuss these in detail. Some of them have been mentioned in considering the exceptions of the adverse parties that have been disposed of. We find no sufficient ground for disturbing the report in these several particulars.

So much of the decree as has been appealed from by Cummings in case No. 1779 will be affirmed, with costs.

14. The decree appealed from by Consaul and Moyers, appellants in No. 1778, will be affirmed in all respects save as regards (1) the error found in the equal division of the fee collected by Consaul and Moyers in the case of Lucy A. Caldwell, (2) the one charged in the case of John W. Fletcher, and (3) the mistake of the auditor in not eliminating from the last statement of the account the item of $526.25, improperly charged on account of fee collected in the case of Johnson, administrator of Heard. As to these three items it will be reversed; and the case will be remanded, with direction to restate the account to the date of the decree, correcting the error aforesaid and ascertaining the proper proportion of the fee collected by Consaul and Moyers in the Caldwell case, to be allowed to Gilbert Moyers, and divided with Edmonds, as well as correcting the charge made of the fee in the case of John W. Fletcher. It is expedient to make the final account embrace all of the collected claims in litigation, and conclude the settlement.

The costs incurred on appeal in No. 1778 will be taxed one half to each party respectively.　　　　*Modified and Affirmed.*